ANTHONY J. DELUCA, ESQ.
Nevada Bar No.: 006952
DELUCA & ASSOCIATES
5830 West Flamingo Road, Suite 233
Las Vegas, Nevada 89103
(702) 873-5386
Fax (702) 873-5903
anthony@deluca-associates.com

## IN THE UNITED STATES BANKRUPTCY COURT
### District of Nevada

| | |
|---|---|
| **In Re**:<br><br>Odis R Reid<br>Linda D Reid<br><br><div align="right">**Debtor(s)**</div> | Case No. 09-17165-LBR<br>Trustee: KATHLEEN A. LEAVITT<br><br>Chapter 13<br><br>Hearing Date: 06/11/2009<br>Hearing Time: 3:30 pm |

### Motion To Value Collateral, "Strip Off", and Modify Rights of Bank Of America (Account number ending: xxxxxxxxx0499)

COMES NOW Odis R Reid and Linda D Reid (hereinafter referred to as "debtor(s)"), by and through their attorney, Anthony J. DeLuca, Esq., and moves this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014 and state:

1.      Debtor(s) commenced this case on May 5, 2009 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

2.      On the date of filing, debtor(s) owned real property commonly known as at 9501 Camino Capistrano Ln, Las Vegas, NV (hereinafter referred to as "subject property").

3.      The value of the Subject Property at the time of filing was $361000.00. (See appraisal of property, attached hereto as exhibit "A").

4.      At the time of filing, the Subject Property was subject to a priority lien held by HomeQ in the amount of $371109.00.

5.      Therefore, on the date the bankruptcy was filed, no equity existed in the Subject Property above the amount owed on the first mortgage.

6.     Bank Of America's second mortgage claim (hereinafter referred to as "second mortgage") was entirely unsecured on the day the bankruptcy was filed; i.e., if the Subject Property were auctioned on the date the bankruptcy was filed, the second mortgage would receive nothing.

7.      Accordingly, Debtor requests that this honorable Court find that Bank Of America's second mortgage claim is wholly unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtor's chapter 13 plan.

<u>**LEGAL ARGUMENT**</u>

11 U.S.C. §506(a) states that a creditor's claim is only *secured* to the extent of the property value: "a lien on property . . . is a secured claim to the extent of the value of such creditor's interest . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim."

In *In re Zimmer*, the Appellant, Zimmer, filed suit against PSB Lending Corporation to avoid lien against her home. 313 F.3d 1220, 1221 (9th Cir. 2002). PSB Lending held a second position deed of trust on Zimmer's primary residence, which was entirely unsecured. *Id.* the Court stated that, pursuant to 11 U.S.C. §506(a) a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim:

> ... A claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house. *Id.* at 1223.

Just as Zimmer's second mortgage was wholly unsecured, Debtor's second mortgage is wholly unsecured. Thus, the Court should reclassify Debtor's second mortgage claim to that of a general unsecured claim to be paid pro rata with like unsecured creditors. The second mortgage should also be stripped of its secured rights under State law since no maintainable or practical security interest in the subject property exists.

Pursuant to considerable case law, Debtor is not required to file an adversary proceeding to achieve the herein requested relief. See *In re Williams,* 166 B.R. 615 (Bankr.E.D.Va.1994), *In re*

*Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R.693

(Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302

B.R.90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360

(Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800(Bankr.S.D.Ohio 2003), *In re Sadala* 294 B.R.

180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313

B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004).   Instead,

Debtor may bring the instant motion.

<div align="center">

**<u>SERVICE</u>**

</div>

1.    Resident Agent/President:


   Debtor, through their counsel, has searched the Secretary of State to find the Resident

Agent and/or President for Bank Of America. The following individuals and/or entities were

located and served with a copy of this motion:

 Richard Etter 300 S. 4th St. 2nd fl., Las Vegas, NV 89193.

 Cheryl Sorokin 555 California St. 6th fl., San Francisco, CA 94104.


2.    Proof of Claim:


   Debtor, through their counsel, has reviewed the proof of claims directory contained within

the Federal Court Records for the current matter and has identified the following address and/or

information:


Address in Proof of claim for Bank Of America: NA


_____X_____    There was no proof of claim on file with the Federal Bankruptcy Court at

             the time of the filing of the instant motion.

3.      Request for Special Service:

    Debtor, through their counsel, has reviewed the Court Docket contained within the Federal Court Records for the current matter and has identified the following address and/or information contained within any Requests for Special Notice: NA  .


_____X_____     There were no Requests for Special Notice on file with the Federal Bankruptcy Court at the time of the filing of the instant motion.


WHEREFORE, Debtor(s) pray that this honorable court:

1.      Find that Bank Of America's second mortgage claim holds no lien on the Subject Property;

2.      Immediately avoid or "strip off", cancel and extinguish Bank Of America's lien from the Subject Property pursuant to 11.U.S.C. Section 506(a);

3.      Reclassify Bank Of America's second mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the debtor's chapter 13 plan;

4.      Such other relief the Court finds appropriate.


Dated this 6 day of May, 2009

                                         /s/ Anthony J. DeLuca, Esq.

                                  _____
                                  Anthony J. DeLuca, Esq.
                                  Attorney for Debtor(s)